# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZVET SALAZAR GOMEZ, | Case No. 1:21-cv-01314-AWI-SKO |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED** |
| v. | |
| FCA US, LLC, | |
| Defendant. | |

On March 22, 2022, upon receipt of Plaintiff's Notice of Settlement (Doc. 11), the Court ordered the parties to file dispositional documents by no later than April 11, 2022. (Doc. 12.) On June 21, 2022, more than two months after that deadline, Plaintiff filed a request for dismissal of the matter with prejudice (the "Request"). (Doc. 13.) As the Request did not satisfy Rule 41 of the Federal Rules of Civil Procedure, the Court denied the Request without prejudice to the parties refiling a stipulation of dismissal signed by all parties who have appeared. (Doc. 14.) On August 22, 2022, after two months passed without any action by the parties, the Court ordered that dispositional documents be filed by no later than August 25, 2022. (Doc. 15). To date, no such documents have been filed. (*See* Docket.)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court ORDERS that, by no later than September 7, 2022, the parties shall file dismissal documents, or a statement showing cause why the Court should not dismiss this action, with prejudice, for failure to obey court orders. The Court further CAUTIONS the parties that, if they fail to file this statement by September 7, 2022, the Court will recommend that this action be dismissed in its entirety.

IT IS SO ORDERED.

Dated: **August 29, 2022**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE